INHABITANTS OF WILLIAMSBURG, *in error, versus* JOHN GILMAN.

In an action against a town or plantation for neglecting to furnish money instead of rations for soldiers present at a militia review, under the provisions of the militia act of 1834, the clerk of the company is entitled to maintain the action, by showing that the soldier named in the writ was an inhabitant of the town, and a member of a militia company; that he performed militia duty as a member thereof at an inspection and review ordered by the Major General of the division; and that the commanding officer of the company made a requisition of the selectmen for the money for the soldiers under his command, to be paid at the time of the inspection and review, as provided for by the statute.

Defining the limits of militia companies by the selectmen of towns, was not made a condition to be performed before the members of companies were required to perform militia service.

Being actually present with the company, armed and equipped, and doing militia duty at an inspection and review, is *prima facie* evidence, that the soldier belonged to the company.

If a soldier, who had cause to have been excused from the militia duty which the law designed he should perform, chose to waive the right, and did actually do the duty, that he could have been excused from, does not relieve the town from its obligation to furnish the money required by the statute.

It is not necessary that the requirement of the selectmen of a town by the commanding officer of a militia company to furnish money for the soldiers at an inspection and review, should contain, or be accompanied with, a list of the names of the soldiers; or that if one was furnished, that the list should be accurate, if it contained a sufficient number.

The commanding officer of the company is a competent witness on the trial of such action.

THE following is a copy of the errors assigned: —

1st. That it appears by the record aforesaid that judgment was given for the said John Gilman, whereas by law it ought to have been given in favor of said inhabitants against said Gilman.

2d. That the plaintiff did not prove the assignment of the limits of said company by the assessors or selectmen of Brownville and Williamsburg, or that the limits of said company were assigned by the selectmen or assessors of either town, or in any other way.

3d. That the order of the Major General, ordering the military review and inspection, on Sept. 16, 1840, was not recorded in the book of the clerk of said company.

4th.   That the order signed by Nymphas Turner, Lieut. Col. of 5th regiment, and directed to ensign Warren Abbe, was illegal and insufficient.

5th.   That Jediah H. Morrill was not legally notified and warned to appear at the inspection and review on Sept. 16, 1840.

6th.   That Jediah H. Morrill was not legally enrolled in said company.

7th.   That said Morrill was not liable to do military duty until the expiration of six months from the date of his enrolment and notice thereof.

8th.   That the amendment of the time of his enrolment after the trial began was illegal.

9th.   That the selectmen of Williamsburg were not legally required to furnish the rations required by statute.

10th.   That the requisition for rations should have been served on the selectmen of Williamsburg more than five days next previous to the time of inspection and review.

11th.   That parol testimony ought not to have been admitted to prove that Ebenezer Greenleaf and Eben P. Greenleaf were two of the selectmen of Williamsburg.

The case was elaborately argued in writing by

*C. A. Everett,* for the plaintiffs in error; and by

*H. G. O. Morrison,* for the original plaintiff.

The opinion of the Court was prepared by

Tenney J.—This is a suit brought to reverse the judgment of a justice of the peace against the defendants for the neglect of the selectmen in not furnishing money in lieu of rations for one Jediah H. Morrill, who, it was alleged in the writ, was present at the inspection and review of the 5th Reg. 1st Brig. 3d Division, on the 16th September, A. D. 1840, as a member of the G company, armed and equipped, and did duty therein as a soldier.

The statute of 1834, c. 121, § 28, provided, that upon the requisition of any commanding officer of a company for that purpose, at five days [notice] the selectmen of towns and the

assessors of plantations shall pay at the place of inspection and review, to each officer and member of such company belonging to such town or plantation, who shall then and there appear duly equipped, and perform military duty, the sum of fifty cents, in lieu of rations. And every town and plantation which shall fail to pay said sums as aforesaid, shall forfeit to the use of said company a sum equal to fifty cents for every such person who shall do duty on such inspection and review, to be sued for and recovered by the clerk of said company before any court of competent jurisdiction.

The plaintiff, as clerk, was entitled to maintain the action by showing the soldier named in the writ an inhabitant of the town of Williamsburg and a member of the G. company, and that he did perform military duty as a member thereof, at the inspection and review ordered by the Major General on the 16th Sept. 1840, and that the commanding officer of that company made requisition of the selectmen for the money provided for by the statute, for the soldiers under his command, to be paid at the time and place of the inspection and review.

One of the errors relied upon is, that the limits of the G company were not properly assigned, inasmuch as the selectmen of the town of Williamsburg had not defined the limits thereof, according to the statute of 1836, c. 209, § 1, and also by that of 1840. A general order duly authenticated was introduced, by which it appeared, that on the 27th Dec. 1839, the limits of that company were so extended as to embrace the town of Williamsburg, and that the limits of that town and the town of Brownville, should thereafter be the limits of that company. If it is admitted, that these statutes applied to companies, whose limits are those of entire towns, the boundaries of which are fixed by public statutes, the town of Williamsburg was not affected by the former, as that provided, that the limits of companies should be so defined, prior to a period which elapsed before the general order, before named, was passed ; and so became *functus officio*. And the statute of 1840 was only to allow a further time within which the duty omitted by selectmen and assessors, under the law of 1836,

might be completed before the first of September then next. It was in no case made a condition to be performed, before the members of companies were required to do military service.

By the record of the justice it appears, that the inspection and review of the Regiment to which the G company was attached, took place on Sept. 16, 1840, in pursuance of an order of the Major General.

Another error assigned is, that the evidence adduced did not show that Morrill was legally enrolled. His name was upon a paper purporting to be the roll of the company, attested by the plaintiff as clerk. A record of the roll of the same company, as corrected on the first Tuesday of May, 1840, was introduced, and upon it was the name of Morrill, and against his name in the column headed, "time of additional enrolments made after the first Tuesday of May," and the date of the additional enrolment as it stood till the trial, "Sept. —— 1840"; evidence was introduced that he was present at a training of the company on the 9th Sept. 1840, and that the company then and there were duly warned by the commanding officer to appear at the inspection and review on the 16th Sept. Morrill was present at the inspection and review, armed and equipped, and did duty in that company. This was *prima facie* evidence that he was a member of that company, and no proof was offered of an opposing character. It is not assigned as an error, that Morrill did not belong to the town of Williamsburg.

The defects pointed out as errors in the third, fourth, fifth and seventh errors assigned, are those of which the defendants can take no advantage. If the soldier would have been excused from the duty, which the law designed he should perform, the town cannot be relieved from their obligations, if he chose to waive the objections which he might make, and appeared armed and equipped, and did duty in the company. The liability of the town, by the statute, does not depend upon the strict preformance of all the duties of other officers, which the member of the company, belonging to the town, may re-

quire before he is subjected to the payment of the penalty for a neglect of his duty.

It is insisted, that there was no legal requirement made of the selectmen to furnish the money for Morrill. The requisition was in a paper signed by the commanding officer of the company, seasonably delivered to two persons as selectmen of the town, in the following terms. "The selectmen of Williamsburg are hereby notified to have the money in readiness provided by law for the soldiers under my command, to be paid on Wednesday the 16th day of September, 1840, at or near the dwellinghouse of Joseph Chase, in Sebec, a list of names being hereunto annexed." A list of names was annexed, which did not embrace that of Morrill; but the list contained as many names, as there were soldiers at the inspection and review, including Morrill. The requisition, without the list, was a substantial compliance with the statute. The company not being a company raised at large, the list was not required, no inconvenience could arise from it to the selectmen, and it may be rejected as unnecessarily appended. The notice was given to two of the selectmen of the town, according to the testimony in the case. No objection appears to have been made to the competency of this evidence at the trial, and the objection on that account cannot be sustained. It cannot be regarded as erroneous, that the notice was not given to more than two selectmen when it does not appear, that two were not a majority of the board.

It is insisted in the argument that the proceedings were erroneous, because the commanding officer of the company was admitted as a witness to prove certain facts, and that he was incompetent on the ground of interest. It does not appear to us, that he was disqualified, for that reason; and the record does not show, that he was objected to at the trial.

The eighth error assigned is, that the record of the roll was amended at the trial in a matter, which could not properly be amended. An amendment can be made by the proper officer, to conform to the truth, in many instances, long after the re-

cord is made up. Whether this was made with propriety is unnecessary to inquire, as the evidence was sufficient for the purpose, for which it was offered, without the amendment.

*Judgment of the justice affirmed.*